IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DELOIS CHAMP,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   CV-05-BE-0010-E |
| | ] |
| **CALHOUN COUNTY** | ] |
| **COMMISSION,** | ] |
| **et al.,** | ] |
| | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION**

**INTRODUCTION**

This case is before the court on Defendants' Motion for Summary Judgment (doc. 35). For the reasons stated below, the court finds that the Motion is due to be **GRANTED**.

**BACKGROUND**

Plaintiff Delois Champ is a female resident of Anniston, Alabama. In December 1992, she worked for the Calhoun County Emergency Management Agency ("EMA") as the Public Information/Exercise Manager. In January 2001, she became the Planner/Operations Manager for the Chemical Stockpile Emergency Preparedness Program (the "CSEPP"), a program run by the Calhoun County EMA. In March 2003, Plaintiff became the Interim Director of the Calhoun County EMA. She remained in this position until December 2003. Her Complaint rests on the fact that Defendants selected a male as the permanent Director of the Calhoun County EMA instead of Plaintiff.

The Calhoun County EMA is the largest emergency management agency in the state of Alabama. Due to the Anniston Army Depot's location within Calhoun County, the EMA's area

includes one of the nation's storage and demilitarization facilities for chemical weapons. The Director of the Calhoun County EMA is selected by the Calhoun County Commission. At the time relevant to this lawsuit, the Calhoun County Commission consisted of Commissioners James A. Dunn, Robert W. Downing, James Eli Henderson, J.D. Hess, and Rudy Abbott. The County Administrator was Kenneth L. Joiner. The Administrator and all of the Commissioners were male.

On December 12, 2002, Mike Burney, the Director of the Calhoun County EMA, resigned. His resignation came at a critical time period because the military was preparing to incinerate chemical weapons at the Anniston Army Depot. On March 13, 2003, Plaintiff was hired as the Interim Director of the Calhoun County EMA. Plaintiff contends, and Defendants dispute, that when she accepted the job she understood that the job would become a permanent position. The parties dispute whether she was selected for this position based on her qualifications and whether her job performance as Interim Director was adequate.

In the fall of 2003, the Calhoun County Commission initiated a search to fill the position of Director of the Calhoun County EMA. Defendants argue, and Plaintiff disputes, that the Commission had always planned on advertising the position for a permanent Director. The Commission posted a job announcement and formed a screening committee to evaluate applicants for the position. The screening committee consisted of Ken Joiner, Jerry Jackson, Major P. May, and Robert Downing. Pursuant to the committee's search, three candidates were recommended to the Commission for the job: David Dlugolenski, Dan Long, and Plaintiff.

The Calhoun County Commission eliminated Dlugolenski from consideration because he lacked experience. Accordingly, Plaintiff and Dan Long were the finalists for the Director's position. Dan Long is a former Marine who, during the time period relevant to this lawsuit,

worked at the Calhoun County EMA in the CSEPP. Prior to working with the Calhoun County EMA, he spent twenty-two years in the Marine Corps as a nuclear, chemical, and biological weapon defense specialist. In this capacity, he trained officers and enlisted personnel in the use of and defense against chemical weapons. Plaintiff, though having no military experience, had eleven years of experience with the Calhoun County EMA and the CSEPP. Additionally, Plaintiff had served as the Interim Director for almost a year.

Ultimately, the Commission selected Dan Long for the Director's position. Plaintiff was informed that she was not chosen in December 2003. After her non-selection, Plaintiff resumed her former job as Planner/Operations Manager for the CSEPP, with a ten percent salary increase.

On January 6, 2004, Plaintiff filed her EEOC Charge. On October 8, 2004, she received her Notice of Right to Sue. On January 7, 2005, Plaintiff sued Defendants Calhoun County EMA, Calhoun County Commission, Calhoun County Administrator Kenneth L. Joiner, and Calhoun County Commissioners James A. Dunn, Robert W. Downing, James Eli Henderson, J.D. Hess, and Rudy Abbott under Title VII, § 1983, and the Equal Pay Act. She alleges unlawful employment discrimination based on her sex. On May 2, 2005, this court dismissed with prejudice the claims against the Calhoun County EMA, and dismissed the claims for punitive damages against the Calhoun County Commission and the County Commissioners in their official capacities. This memorandum addresses the remaining claims.

## STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23.  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).  The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings."  *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "The nonmovant need not be given the benefit of every inference but only of every reasonable inference."  *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).  After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

**DISCUSSION**

The Complaint alleges gender discrimination for failure to hire, unequal pay, and disparate treatment with job/work assignments.  In their Motion for Summary Judgment, Defendants argue that Plaintiff cannot establish a *prima facie* case of discrimination under any of these three categories.  In Response, Plaintiff expressly abandoned her unequal pay claims.[1] Further, Plaintiff's argument to establish a *prima facie* case of discrimination only addresses her non-selection for the Director's position – she did not set forth facts or allegations regarding a claim for disparate treatment with job/work assignments, or any other adverse employment action.[2]  Because Plaintiff either expressly or implicitly abandoned the unequal pay and disparate treatment with job/work assignment claims, the only claims at issue for purposes of this memorandum are the Title VII and § 1983 claims for failure to hire.[3]

---

[1]Resp., doc. 44, p. 17, n48 ("[t]he plaintiff is no longer pursuing her equal pay claim.")

[2]*Id*., pp. 17-19 (emphasizing that Plaintiff "was the more qualified person for the Director's position"); p. 19 (stating that Defendants' articulated reasons "for selecting Long over the plaintiff" were not legitimate); pp. 20-26 (arguing that Defendants' articulated reasons for selecting Long for the Director's position were pretext).

[3]The Complaint expressly mentions discrimination in "promotion." *See* Compl., ¶¶ 14, 25.  However, the allegations contained therein apply to a claim for failure to hire, rather than a claim for failure to promote.  Additionally, both parties' summary judgment submissions address a claim for failure to hire as opposed to a claim for failure to promote.  *See* Def.'s Mot. for Summ. J., pp. 14–20 (addressing a claim for failure to hire); *see also* Pl.'s Resp. pp. 17-19 (responding to Def.'s failure to hire arguments by comparing Plaintiff's and Long's qualifications).  Accordingly, the court construes the Complaint as alleging a claim for failure to hire and uses the terms employed by the parties' summary judgment submissions to evaluate the sufficiency of this Motion for Summary Judgment.  Even if the Complaint alleged a claim for failure to promote, the result in this case would be the same because the elements of a *prima facie* case of failure to promote are essentially the same as those for a prima *facie case* of failure to hire.  *Compare Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004) (failure to promote) *with Under wood v. Perry County* Comm'n, 431 F.3d 788, 794 (11th Cir. 2005) (failure to hire); *E.E.O.C. v. Joe's Stone Crabs, Inc.,* 296 F.3d 810 F.2d 1026, 1028 (11th Cir. 1987) (failure to hire).

**I.  Failure to hire.**

Plaintiff alleges gender discrimination under Title VII and the Equal Protection Clause as enforced by § 1983.  The elements of a gender discrimination claim are the same under Title VII and § 1983.  *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000).  To support her claim of gender discrimination, Plaintiff relies on circumstantial evidence.  Consequently, the *McDonnell Douglas* burden shifting framework applies.  *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case by at least a preponderance of the evidence.  *Id*. at 802.  If the plaintiff succeeds, the burden then shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action.  *Id*. at 802-03.  Provided the defendant meets this burden, the plaintiff must then show by a preponderance of the evidence that the defendant's proffered reasons were a pretext for discrimination.  *Id*. at 804.

To establish a *prima facie* case of gender discrimination based on a failure to hire, Plaintiff must establish that (1) she is a member of a protected class; (2) she was qualified for the position and applied for it; (3) despite her qualifications, she was not hired; and (4) the position was filled by someone outside her protected class.  *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2003).

Defendants argue that Dan Long was the most qualified candidate for the position.  In support of this contention, Defendants offer the following evidence:

- Long spent twenty-two years (1967-1989) in the U.S. Marine Corps as a nuclear, chemical and biological weapon defense specialist.  He developed hands-on experience with chemical weapons, and trained officers and enlisted personnel in the use of and defense against chemical weapons.

- From 1989 through 2000, Long worked for the Calhoun County Commission in the CSEPP.  In this capacity, he was involved in the

6

  development and implementation of the community preparedness program for Calhoun County while complying with federal, state, and local laws.

- From June 2001 to December 2003 Long worked as a security guard and supervisor at the Chemical, Ordinance/Explosives, Biological, Radiological/Nuclear Training Facility at Ft. McClellan. He was responsible for maintaining the security of chemical agents stored there.

- The screening committee recommended Long as one of three candidates based on his experience with the CSEPP, his extensive military service, and his hands-on experience with chemical agents.

- The Calhoun County Commission selected Long as the Director based on his experience with the CSEPP, his extensive military service, and his hands-on experience with chemical agents.

Plaintiff challenges Defendants' assertion, and argues that her job performance as the Operations Manager and Interim Director demonstrates that she was more qualified for the Director's position than Long. In support of her argument, she offers the following evidence:

- From 1992 to 2001, Plaintiff served as the Public Information Officer/Exercise Manager for the Calhoun County EMA. In this capacity, she developed, implemented, and managed emergency plans for the public. She was a key person in the Emergency Operations Center and was on-call for emergencies and media response.

- From 2001 to 2003, Plaintiff served as the CSEPP Planner/Operations Manager. She was the first person to officially hold this position in Calhoun County. In this capacity, she managed response and recovery during weather and hazardous material emergencies.

- From March 2003 through December 2003, Plaintiff served as the Interim Director of the Calhoun County EMA. In this capacity, she managed the Calhoun County EMA.

- Commissioner Downing was not in favor of advertising for the Director's position because he felt that Plaintiff had done a good job as Interim Director.

- Commissioner Downing supported Plaintiff for the Director's position in an informal vote conducted by the Calhoun County Commission.

- Administrator Joiner felt that Plaintiff performed adequately as Interim

>    Director.

- Jim Bennett, a former Calhoun County EMA Director and former supervisor of both Plaintiff and Long, testified that he would have recommended Plaintiff for the position of Director.

The key issue is whether Plaintiff was so much more qualified than Long for the Director's position that a reasonable juror could infer discriminatory intent from the comparison. The Eleventh Circuit considered an analogous situation in *Lee v. GTE Florida, Inc.*, 226 F.3d 1249 (11th Cir. 2000). In that case, plaintiff Andrea Lee sued her employer under Title VII, alleging, among other things, that she was denied a promotion because of her sex. *Id*. at 1251. After GTE eliminated her position during a reduction in force, Lee applied for a newly created position with the same company. *Id*. at 1252. Tom Shaffer, a GTE employee, interviewed Lee, along with several other candidates, and selected another applicant, Colin Hines, for the position. *Id*. Shaffer testified that he chose Hines because Hines was more qualified than Lee and the other candidates. *Id*. Shaffer stated that, in his judgment, Hines was better qualified with respect to three of the four criteria listed in the position questionnaire. *Id*. at 1254. Lee disagreed, and argued that Shaffer's stated reasons were pretextual because she was more qualified than Hines. *Id*. at 1255.

The jury found in favor of Lee. *Id*. at 1251. The district court denied GTE's motion for judgment as a matter of law, but the Eleventh Circuit reversed. *Id*. Specifically, the court stated that

> [a] plaintiff cannot prove pretext by simply showing that she was better qualified than the individual who received the position she wanted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by sex....We have explained that "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where...the reason is one that might motivate a reasonable employer."

8

> \*   \*   \*
>
> *None* of Lee's proffered evidence established that she was more qualified than Hines, let alone so clearly more qualified for the position than Hines that a reasonable juror could infer discriminatory intent from the comparison.
>
> \*   \*   \*
>
> Quite simply, [the] evidence does not rise to the level of proof that is required when an employee attempts to prove pretext by showing she was substantially more qualified than the person promoted.

*Id*. at 1253, 1255. Accordingly, the Eleventh Circuit reversed the district court's denial of GTE's motion for judgment as a matter of law and directed the district court to enter judgment in GTE's favor. *Id*. at 1256.

Similarly, in this case, the court finds that a reasonable person exercising impartial judgment could have chosen *either* candidate based on the evidence set forth in the parties' summary judgment submissions. However, the court cannot say that the "disparities in qualifications [are] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *See, e.g., Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004).[4] Moreover, Plaintiff fails to meet her burden to show that the decision to not hire her was, in fact, motivated

---

[4] The United States Supreme Court recently stated that "[t]he visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications." *Ash v. Tyson Foods, Inc.*, 126 S.Ct. 1195, 1197 (2006). Although the Court expressly declined to define more precisely what standard should govern pretext claims based on superior qualifications, it noted without disapproval the Eleventh Circuit's standard in *Cooper v. Southern Co.*, where that court noted that "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004).

by her sex.[5]  *See Lee*, 226 F.3d at 1253.  The role of the court "is to prevent unlawful hiring practices, not to act as a super personnel department that second-guesses employers' business judgments."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1092 (11th Cir. 2004) citing *Lee*, 226 at 1254; *see also Denney v. City of Albany*, 247 F.3d 1172 1188 (11th Cir. 2001) ("Title VII is not designed to make federal courts sit as a super-personnel department that reexamines an entity's business decisions"); *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1244 (11th Cir. 2001); *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (ADA and ADEA claims).

Accordingly, because Plaintiff's submissions fail to establish a *prima facie* case, Defendants' Motion for Summary Judgment is **GRANTED**.  Alternatively, even if Plaintiff did establish a *prima facie* case, Defendants offered legitimate, non-discriminatory reasons for their conduct that Plaintiff failed to show were pretextual; therefore, summary judgment would be appropriate on this alternative ground.

**II. Administrator Ken Joiner as a decision maker.**

Another ground for granting Defendants' Motion for Summary Judgment, with respect to Ken Joiner, is that he was not a decision maker.  The Eleventh Circuit's opinion in *Quinn v. Monroe County*, 330 F.3d 1320 (11th Cir. 2003) is illustrative.  In *Quinn*, the plaintiff sued the county and the county administrator, alleging retaliation for exercising her right to free speech.  *Id*. at 1324.  She brought this claim pursuant to § 1983.  *Id*. at 1324.  The district court granted summary judgment for the defendants.  The Eleventh Circuit discussed the difference between a

---

[5]The court notes that Plaintiff claims that one Commissioner – Abbott – had a bias against women.  *See* Resp., doc. 44, pp. 15, 25-26.  However, the only evidence in support of this contention is Plaintiff's own declaration.  *See* Champ Decl., ¶ 34.  In addition to being a self-serving, conclusory allegation, this evidence appears to be based on hearsay statements by Ken Joiner.  *See Id*.  Plaintiff's only other cited evidence of sexual bias is the deposition of Robert Downing, which does not support Plaintiff's contention.  *See* Downing Dep., p. 53.

final policy maker and an official decision maker, and stated that "the decisionmaker inquiry addresses who has the power to make official decisions and, thus, be held *individually* liable." *Id*. at 1326 (emphasis in original).  The court then reversed summary judgment granted to the county administrator, finding that the administrator was a final decision maker because he "had the authority not merely to *recommend* [the plaintiff's] termination, but to immediately effectuate her termination." *Id*. at 1328 (emphasis in original).

To the contrary, Defendant Ken Joiner argues that the § 1983 claims against him in his individual capacity are due to be dismissed because the undisputed evidence shows that he was *not* a decision maker in the decisions to (1) advertise for the position of Director; or (2) hire Long.  Defendants' statement of undisputed facts[6] states that

- At this meeting [between the screening committee and the Calhoun County Commission], Joiner was asked to give his opinion on whom the Commission should hire, but he did not offer an opinion.

- After the committee recommended the final three candidates to the Commission, Joiner took no further role and offered no further advise on the selection of the CCEMA Director.[7]

Moreover, Defendants offer, and Plaintiff does not rebut, evidence to show that the Calhoun County Commission *directed* Joiner to advertise the Director's position.  No evidence suggests that Joiner was a decision maker for the decisions to (1) advertise the Director's position; and (2) hire Long.  Pursuant to *Quinn*, the § 1983 claims against Joiner in his individual capacity should be dismissed.

## CONCLUSION

Defendants' Motion for Summary Judgment (doc. 35) is due to be **GRANTED** because

---

[6]In her Response, Plaintiff admitted these facts.  *See* Resp., p. 2, ¶¶ 19-21.

[7]Mot. for Summ. J., ¶¶ 20-21.

Plaintiff fails to establish a *prima facie* case or pretext. An Order to this effect will be entered contemporaneously with this Memorandum Opinion.

      DONE and ORDERED this 17th day of July, 2006.

                                                              _____
                                                              KARON OWEN BOWDRE
                                                              UNITED STATES DISTRICT JUDGE